**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| | |
| JULIO ANTONIO TORRES CORREA AND AMPARO COLON GONZALEZ, | CASE NO. 13-02615 (EAG) |
| | |
| DEBTORS. | CHAPTER 13 |
| _____ | |
| | |
| JULIO ANTONIO TORRES CORREA AND AMPARO COLON GONZALEZ, | |
| | |
| PLAINTIFFS, | |
| | |
| v. | ADV. PROCEEDING NO. 15-00075 |
| | |
| PUERTO RICO TREASURY DEPARTMENT, COMMONWEALTH OF PUERTO RICO, AND THE PR SECRETARY OF JUSTICE, | |
| | |
| DEFENDANTS. | FILED & ENTERED ON 6/24/2016 |
| _____ | |

**OPINION AND ORDER**

Plaintiffs Julio Antonio Torres Correa and Amparo Colón González move the court for summary judgment on their complaint against the Puerto Rico Treasury Department. The plaintiffs request the avoidance of a preferential transfer of funds garnished pre-petition by the Treasury Department, the avoidance of post-petition liens recorded by the Treasury Department on four vehicles owned by the plaintiffs, the recovery and turnover of said properties, and damages for willful violation of the automatic stay. The Treasury Department opposes the plaintiffs' request alleging that there are issues of material facts that preclude the entry of summary judgment. For the reasons stated below, the plaintiffs' motion for summary

1

judgment is denied.

## I.  JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1]  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  PROCEDURAL BACKGROUND

The plaintiffs filed on April 5, 2013 a voluntary petition under chapter 13 of the Bankruptcy Code, which was docketed as case 13-02615. [Bankr. Dkt. No. 1.] The plaintiffs commenced this adversary proceeding on March 21, 2015. [Adv. Dkt. No. 1.] On June 8, 2015, the Treasury Department answered the complaint. [Adv. Dkt. No. 15.]

On December 14, 2015, the plaintiffs moved for summary judgment against the Treasury Department. [Adv. Dkt. Nos. 23 & 24.]  On December 29, 2015, the plaintiffs filed certified English translations of the documents submitted in support of their summary judgment request. [Adv. Dkt. No. 28.]  On February 16, 2016, the Treasury Department opposed the motion for summary judgment. [Adv. Dkt. Nos. 35 & 36.] On March 7, 2016, the plaintiffs replied to the Treasury Department's opposition. [Adv. Dkt. No. 40.]  On April 3, 2016, the plaintiffs filed certified English translations to the documents submitted in support of docket number 40. [Adv. Dkt. No. 47.] On April 5, 2016, the Treasury Department filed a sur-

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

reply. [Adv. Dkt. No. 49.]

### III. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d).

On March 26, 2013, the Treasury Department sent the plaintiffs a notice of garnishment to secure the collection of outstanding tax debts. [Plaintiffs' Proposed Statement of Uncontested Facts ("SUF") at ¶ 2, Adv. Dkt. No. 23; Exhibit 1, Adv. Dkt. No. 23, p. 6; Exhibit 1, Adv. Dkt. No. 28, p. 3; Treasury Department's reply to SUF at ¶ 2, Adv. Dkt. No. 36.] As per the notice, the garnishment on property, credits and funds would become final in thirty days if the plaintiffs failed to pay. [Plaintiffs' SUF at ¶¶ 2-3, Dkt. No. 23; Exhibit 1, Adv. Dkt. No. 23, p. 6; Exhibit 1, Adv. Dkt. No. 28, p. 3; Treasury Department's reply to SUF at ¶¶ 2-3, Adv. Dkt. No. 36.]

Also on March 26, 2013, Banco Popular de Puerto Rico sent the plaintiffs another notice of garnishment, informing that by order of the Treasury Department the amount of $6,010.02 was being garnished from their bank account ending in #9268. [Plaintiffs' SUF at ¶ 4, Dkt. No. 23; Exhibit 2, Adv. Dkt. No. 23, p. 7; Exhibit 1, Adv. Dkt. No. 28, p. 4; Treasury Department's reply to SUF at ¶ 4, Adv. Dkt. No. 36.] In that notice, Banco Popular warned plaintiffs they had until April 25, 2013 to resolve the matter before the funds were finally remitted to the Treasury Department. [Id.]

On April 5, 2013, the plaintiffs filed a voluntary petition under chapter 13 of the Bankruptcy Code. [Bankr. Dkt. No. 1.] On April 6, 2013, the plaintiffs sent notice of the filing

of the bankruptcy petition to the Treasury Department. [Bankr. Dkt. No. 8; Plaintiffs' SUF at ¶ 5, Dkt. No. 23; Treasury Department's reply to SUF at ¶ 5, Adv. Dkt. No. 36.]   The Treasury Department was included in the creditor mailing matrix, and in schedules E and F of the petition.  [Bankr. Dkt. Nos. 1 & 10; Plaintiffs' SUF at ¶ 6, Dkt. No. 23; Treasury Department's reply to SUF at ¶ 6, Adv. Dkt. No. 36.]   The plaintiffs also reported in their statement of financial affairs the garnishment of their funds in the amount of $6,010.02 by the Treasury Department. [Bankr. Dkt. Nos. 10 & 14; Plaintiffs' SUF at ¶ 8, Dkt. No. 23; Treasury Department's reply to SUF at ¶ 8, Adv. Dkt. No. 36.]

The plaintiffs listed in their schedule B the amount of $6,010.02 from their bank account ending in #9268 at Banco Popular, garnished by the Treasury Department and four unencumbered motor vehicles registered under their names in the Puerto Rico Department of Transportation and Public Works: a 1999 Honda Odyssey, a 2001 BMW 530i, a 2001 Mazda Protégé, and a 2004 Suzuki Grand Vitara. [Bankr. Dkt. Nos. 10 & 13; Plaintiffs' SUF at ¶¶ 9-10, Dkt. No. 23; Treasury Department's reply to SUF at ¶¶ 9-10, Adv. Dkt. No. 36.]  The plaintiffs also listed in their schedule C the 2001 BMW 530i and the 2004 Suzuki Grand Vitara as fully exempted under state law. [Bankr. Dkt. No. 10; Plaintiffs' SUF at ¶11, Dkt. No. 23; Treasury Department's reply to SUF at ¶11, Adv. Dkt. No. 36.]

On September 24, 2013, the Treasury Department filed proof of claim number 15 for $223,642.44 in pre-petition debt, consisting of an unsecured portion of $222,694.40 and a priority portion of $948.04. [Claims Register No. 15-1;  Plaintiffs' SUF at ¶12, Dkt. No. 23; Treasury Department's reply to SUF at ¶12, Adv. Dkt. No. 36.]

On October 8, 2014, the plaintiffs' amended chapter 13 plan was confirmed. [Bankr. Dkt.

4

Nos. 41 & 44; Plaintiffs' SUF at ¶13, Dkt. No. 23; Treasury Department's reply to SUF at ¶13, Adv. Dkt. No. 36.] Under the terms of the confirmed plan, part of a lump sum to be paid within 60 months would come from the funds garnished by the Department of Treasury. [Bankr. Dkt. No. 41; Plaintiffs' SUF at ¶14, Dkt. No. 23; Treasury Department's reply to SUF at ¶14, Adv. Dkt. No. 36.]

### IV. SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment;

the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## V. APPLICABLE LAW AND DISCUSSION

### A. Section 547 - Preferences

Section 547allows for the trustee to avoid any transfer of an interest of the debtor in property that is a preference. 11 U.S.C. § 547. There are various requirements that must be met to establish a preference: (1) the transfer was "to or for the benefit of a creditor;" (2) the

6

transfer was made "for or on account of an antecedent debt;" (3) the transfer occurred while the debtor was insolvent; (4) the transfer was made within ninety days before the date of the filing of the bankruptcy petition or between ninety days and one year in the case of an insider; and (5) the transfer has the effect of increasing the amount that the transferee would receive in a chapter 7 case. 11. U.S.C. § 547(b). The trustee carries the burden of proving all five elements of a preferential transfer. 11. U.S.C. § 547(g); See also, Burdick v. Lee, 256 B.R. 837, 841 (Bankr. D. Mass. 2001) (denying summary judgment because trustee failed to carry the burden under section 547).

In this case, the plaintiffs' voluntary petition for relief under chapter 13 was filed on April 5, 2013. For the transfer to fall within the preferential period under section 547, the transfer had to be made on or after January 5, 2013. The uncontested facts establish that the garnishment was made on March 26, 2013. The transfer was for the benefit of the Treasury Department and on account of an antecedent tax debt owed by the plaintiffs. The garnishment had the effect of depleting the plaintiffs' bankruptcy estate and would allow the Treasury Department to receive more than it would in a liquidation scenario. Also, the plaintiffs are presumed insolvent on and during ninety days before the date of the filing of the petition. 11 U.S.C. § 547(f).

But, the plaintiffs' standing for an avoidance action under section 547(b) is subject to the provisions of section 522(h). 11 U.S.C. § 522(h). Section 522(h) provides that a debtor may avoid a transfer of property of the debtor to the extent that the debtor could have exempted such property under subsection (g)(1) of section 522 if the trustee had avoided such transfer, if— (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or

724(a); and (2) the trustee does not attempt to avoid such transfer. Id. See also, In re Ortiz Vega, 75 B.R. 858, 861 (Bankr. D.P.R. 1987) ("Chapter 13 debtor may avoid transfers of property to the extent that the property could have been exempted had the trustee avoided the transfer".)

As such, there are issues of material fact that prevent the court from entering summary judgment as to this count. While Puerto Rico law allows for the exemption of three-fourths of the earnings of a judgment debtor for personal services rendered at any time within thirty days next preceding the levy of execution, or levy of attachment, when it appears by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family residing in this Commonwealth, supported wholly or in part by his labor,  P.R. Laws Ann. tit. 32 §1130(7), the plaintiffs have not put the court in a position to determine whether the garnished funds by the Treasury Department could have been exempted under state law. Also, the Treasury Department claims that it made a partial release of the garnished funds on March 27, 2013 in favor of the plaintiffs in the amount of $800.00. [Treasury Department's opposition to motion for summary judgment at p. 12; Exhibit 3, Adv. Dkt. No. 35; Exhibit 3, Adv. Dkt. 49]. Thus, there is also an issue of fact as to the actual amount that was garnished by the Treasury Department.

### B. Section 549 - Post petition transfers

Under section 549(a), the trustee "may avoid a transfer of property of the estate . . . that occurs after the commencement of the case; and . . . that is not authorized under this title or by the court. 11. U.S.C. § 549(a). "To satisfy the elements of § 549(a), the debtor in possession must demonstrate that, 1) after the commencement of the bankruptcy case in question, 2)

property of the estate 3) was transferred, and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code." ETS Payphones, Inc. v. AT&T Universal Card (In re PSA, Inc.), 335 B.R. 580, 584-85 (Bankr. D. Del. 2005) (citations omitted). In this case, the plaintiffs have not satisfied the requirements of section 549(a), since the date of the alleged post-petition transfer is contested.

The plaintiffs allege that the Treasury Department recorded liens against their four vehicles post petition and had no authorization to do so. [Plaintiffs' SUF at ¶¶ 16-17, Dkt. No. 23; Exhibit 3, Adv. Dkt. 23; Exhibit 3, Adv. Dkt. No. 28.] Again, the plaintiffs' standing for an avoidance action under section 549(a) is subject to the provisions of section 522 (h). 11 U.S.C. § 522(h). And the court is aware that the plaintiffs claimed as exempt under state law[2] at least two out of the four vehicles in their schedule C. [Bankr. Dkt. Nos. 10 & 13.] But, there are issue of material fact in dispute given that the Treasury Department contends that the liens were recorded prior to the filing of the petition, specifically on August 9, 2010. [See, Treasury Department's reply to SUF at ¶16-17, Adv. Dkt. No. 36; Treasury Department's opposition to motion for summary judgment at p. 11-12; Exhibit 1, Adv. Dkt. No. 35; Exhibit 1, Adv. Dkt. 49.] That is enough to raise an issue of material fact that prevents the court from granting summary judgment as to this count.

**C. Section 550 - Recovery of property**

Section 550 governs recovery of property from a transferee of an avoided transfer,

---

[2] Puerto Rico law allows for the exemption of a motor vehicle considered under the Traffic Law of Puerto Rico as the working tool of its owner. P.R. Laws Ann. tit. 32 § 1130(4a). The court is unable to determine from the proposed statement of material facts whether the vehicles are used as the working tool of the plaintiffs.

including preferences under sections 547 and 549. Pursuant to section 550, "[e]xcept as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . 549 . . . ," the trustee or debtor in possession may recover for the benefit of the estate property transferred  or the value of that property from entities identified in that provisions, including an initial transferee and any immediate or mediate transferee of such initial transfer. 11 U.S.C. § 550(a).

Having denied the counts under sections 547 and 549, the court must also deny summary judgment as to section 550.

### D. Section 542 - Turnover of property

Section 542 requires all entities in possession, custody or control of any property that the trustee may use, sell, or lease under section 363, or that the debtor may exempt under section 522, to turn over said property. 11 U.S.C. § 542(a).  A chapter 13 debtor is entitled to turnover of estate property.  See, In re Sharon, 234 B.R. 676, 687 (6th Cir. 1999) (in chapter 13 cases, sections 1303, 363, 542, and 362 work together to ensure the debtor remains in control of estate property.)  The obligation to turn over property under section 542 is self-operative and does not require a motion by the trustee. See In re Randolph Towers Coop., Inc., 458 B.R. 1, 6 (Bankr.D.D.C.2011) (clarifying that a trustee's remedy when an obligor fails to comply with the provision, absent a finding of bad faith, is to sue for enforcement of said provision rather than to seek a contempt order.)

A party seeking turnover must establish (1) that the property is or was in the possession, custody or control of a non-custodial third party, (2) that the property belongs to the estate, (3) that the property may be used by the trustee in accordance with section 363 or

exempted by the debtor under section 522; and (4) that the property has more than inconsequential value or benefit to the estate. See, 5 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 542.03 (16th ed. 2014) (citing Bailey v. Suhar (In re Bailey), 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008.))

The plaintiffs request that the Treasury Department turn over $6,010.02 that it garnished from their account in Banco Popular.  But, given that the court already denied summary judgment as to the 547 preference action, the plaintiffs have not shown that the funds garnished pre-petition are property of the estate.

**E. Section 362 - Automatic stay violation**

The automatic stay under section 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code. When a debtor files a bankruptcy petition, he or she is immediately protected by an automatic stay that prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a)(6). "[T]he automatic stay imposes on non-debtor parties an affirmative duty of compliance." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). Section 362(k) of the Bankruptcy Code provides individuals with a means to redress violations of the stay, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "[C]ourts must display a certain rigor in reacting to violations of the automatic stay." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975-76 (1st Cir. 1997).

A debtor alleging a violation of the automatic stay must demonstrate, by a

11

preponderance of the evidence, "(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damage as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).

The record shows that the garnishment of funds was made pre-petition prior to the automatic stay taking effect. And, the date that the Treasury Department recorded the liens against the motor vehicles is disputed. Thus, the court is also denying summary judgment as to this count.

### VI.  CONCLUSION

The court finds that the plaintiffs failed to meet their burden to show that there is no genuine issue of material fact that warrants the entry of summary judgment. As such, the plaintiffs' motion for summary judgment [at Adv. Dkt. Nos. 24 & 25] is denied.

In Ponce, Puerto Rico, this 24th day of June 2016.

Edward A. Godoy
U.S. Bankruptcy Judge